Jubge Simpson
delivered the opinion of the Court.
The main question in this case is, whether the City Court of Louisville has power to- hear and determine the, complaints of apprentices against their masters and remove the apprentice when the indenture of apprenticeship has been entered into by the- father, and the apprentice was not bound out by the City Court
By the act of 1886,(session acts 1835-6, page 280,) all the power which the act of 1833 (session acts 1832— 3, page 215,) attempted to confer on the Mayor, was, Vested in the City Court. The act of 1833 gave to the Mayor, the same power to bind out orphans and poor children within the city, whose parents were unable to provide for them, that the County Court of Jefferson had. It also authorized the Mayor to hear the complaints of the apprentices thus bound, against their masters, and to afford such relief as might be proper under the circumstances. That power now belongs to the City Court,
The City Court has not so extensive a power to act bet’eenmaster and apprentice as the County Courts under the act of 1797: (2 Stat. Law, 762) the power of the latter extends to all apprentices within the jurisdiction of the Court.
Guthrie fy Tyler for plaintiff; Harlan, Attorney General for defendant.
The power thus conferred, extends however, only to the supervision of the conduct of the masters, and the protection of the apprentices in those cases where the binding has occurred under the authority of the City Court. The Court has not all the power of a County Court upon this subject, but only such power as the County Court had in the cases specified.
Under the act of 1797 (2 Stat. Law, 462,) County Courts have power to hear and determine the complaints of all apprentices who reside within the jurisdiction of the Court, against their masters, and to remove an apprentice if necessary and bind him to another master. The power of the County Court however, to bind in such a case, arises out of the power to remove, and is not a power that belongs to the City Court. The jurisdiction of the City Court is conferred by the statute, and must be confined to the cases enumerated. It has no jurisdiction to remove an apprentice, except in those cases where the relation of master and apprentice has been created under its authority.. In this case as the infant had been bound by the father and not by the City Court, it had no jurisdiction, and the order made by it, removing the apprentice, and' binding him to another master is illegal. As a police Court it may have power to prevent masters from treating their apprentices with inhumanity, and might im.pose a fine upon them for such misconduct, if authorized by the laws of the city. But the proceeding in this .case was of a different nature, and not against the individual accused of having inflicted immoderate chastisement upon the apprentice.
Wherefore the order of the City Court annulling the indenture and removing the apprentice, and binding him to another master is reversed, and cause remanded with directions to dismiss the motion.